**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES, | Hon. Faith S. Hochberg |
| | Cr. Case No. 06-771 (FSH) |
| v. | |
| | **ORDER** |
| SOHAIL CHAUDHRY | Date: March 9, 2010 |

Defendant Sohail Chaudhry, *pro se*, having applied for an Order assigning counsel under 18 U.S.C. § 3006A, and notice having been given to all parties, and the Court having considered the papers filed; and

it appearing that Defendant requests the appointment of counsel on the grounds that it is "necessary for effective discovery" as provided in Rule 6(a) of the Rules Governing Section 2255 Proceedings; and

it appearing that Defendant has not filed a motion for relief under 28 U.S.C. § 2255; and

it being necessary for Defendant to file a motion for relief under 28 U.S.C. § 2255 for the Court to determine whether the interests of justice require the appointment of counsel[1] or good cause exists to authorize discovery;[2] and

---

[1] 18 U.S.C. § 3006A(a)(2)(B) provides: "Whenever ... the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section ... 2255 of title 28."

[2] Rule 6(a) of the Rules Governing Section 2255 Proceedings provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

it being premature for the Court to entertain Defendant's application;

IT IS, on this 9th day of March 2010, hereby **ORDERED** that Defendant's application for assignment of counsel under 18 U.S.C. § 3006A is **DENIED**. Defendant may renew this application upon the filing of a motion for relief under 28 U.S.C. § 2255; and

it is further **ORDERED** that if Defendant files a motion for relief under 28 U.S.C. § 2255 and seeks the appointment of counsel, he shall submit a sworn affidavit with factual averments sufficient to establish that 1) good cause exists for the Court to authorize discovery, and 2) appointment of counsel for Defendant is warranted under the standard set forth in *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d);[3] and

it is further **ORDERED** that if Defendant renews his application for assignment of counsel after filing a motion for relief under 28 U.S.C. § 2255, the United States shall file a letter advising the Court whether it wishes to assert additional grounds to oppose Defendant's application or stand by its Opposition dated February 9, 2010.

**IT IS SO ORDERED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[3] "[T]he district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."